IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Eileen Johanson, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Financial Recovery Services, Inc., | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Eileen Johanson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), N.C. Gen.Stat. § 75-50 et seq., and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Eileen Johanson ("Plaintiff"), is an adult individual residing in High Point, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Financial Recovery Services, Inc. ("Financial"), is a Minnesota business entity with an address of 4900 Viking Drive, Edina, MN 55435, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff incurred a financial obligation (the "Debt") to an Dell Computers (the "Creditor").

7. The Debt arose from a purchase of a computer from the Creditor which was primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Financial for collection, or Financial was employed by the Creditor to collect the Debt.

9. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Financial Engages in Harassment and Abusive Tactics

10. Plaintiff made arrangements with Mary Kowalick, a Financial employee, in September, 2010, to make $50 monthly payments in order to pay the Debt.

11. Plaintiff made several $50 payments to Financial in the following months.

12. A Financial employee contacted Plaintiff in late January, 2011, and demanded that Plaintiff begin making larger payments towards the Debt.

13. Financial claimed that it would never accept $50 monthly payments despite cashing each of Plaintiff's monthly payments during the previous four (4) months.

14. Financial demanded that Plaintiff defer payments towards her mortgage in order to pay the Debt.

15. Financial were aggressive and abusive when speaking with Plaintiff, shouting their demands at her.

16. Plaintiff informed Financial on January 7, 2011 that she had legal representation.

17. Financial continued to place calls to Plaintiff after being notified that she has legal representation.

### C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

22. The Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant used profane and abusive language when speaking with the consumer.

23. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

25. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

29. The Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

30. The Defendants is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

4

31.     The Defendant's conduct violated N.C. Gen.Stat. § 75-52 in that Defendant used conduct the natural consequence of which is to oppress, harass, or abuse the Plaintiff in connection with the attempt to collect the debt.

32.     The Defendant's conduct violated N.C. Gen.Stat. § 75-52(2) in that Defendant used profane or obscene language, or language that would ordinarily abuse the typical hearer or reader.

33.     The Defendant's conduct violated N.C. Gen.Stat. § 75-54 in that Defendant collected or attempted to collect a debt by deceptive or misleading representations.

34.     The Defendants' conduct violated N.C. Gen.Stat. § 75-54(4) in that Defendants falsely represented the character, extent, or amount of a debt against the Plaintiff or falsely represented the creditor's rights or intentions.

35.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the North Carolina Debt Collection Act, including every one of the above-cited provisions.

36.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

37.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.      The Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

39. The Plaintiff suffered mental anguish and other damages in an amount to be proven at trial.

40. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants
4. Double or treble damages plus reasonable attorney's fees pursuant to N.C.G.S. § 75.16.1;
5. Actual damages from Defendants for the all damages ; and
6. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 11, 2011

Respectfully submitted,

By __/s/ Stacie Watson

Stacie Watson, Esq. (Bar No.: 23890)
Law Office of Stacie Watson.
P.O. Box 1412
Apex, North Carolina 27502
Telephone: (919) 522-6128
Facsimile: (919) 439-5308
Email: swatsonattorney@bellsouth.net
Attorneys for Plaintiff


Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237

7